IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GAIL MICHAEL,<br><br>      Plaintiff,<br><br>v.<br><br>SUPERSHUTTLE and<br>ROBERT ESPINERA<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 3:10-CV-00805<br>)<br>)<br>)<br>)<br>) |

## CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.01(d) for the United States District Court for the Middle District of Tennessee, counsel for Plaintiff and Defendant Supershuttle have conferred and hereby submit the following proposed Case Management Order. Defendant Robert Espinera has neither entered an appearance nor participated in the preparation of this proposed Case Management Order.

**1. JURISDICTION:** The Court has subject matter jurisdiction over this matter pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff and, upon information and belief, Defendant Robert Espinera.

Defendant Supershuttle states that it has not been properly named as a defendant and it reserves all objections and defenses thereto, and states that the entity that formerly did business in Tennessee as SuperShuttle is no longer doing business in the State of Tennessee.

**2. THEORIES OF THE PARTIES:**

    **(a) Plaintiff's Theory:** Plaintiff believes and asserts that the Defendants

intentionally failed to pay Plaintiff overtime wages under the Fair Labor Standards Act and that the Defendants' failure was willful. More specifically, on a regular and repeated basis, the Defendants worked Plaintiff in excess of 40 hours per week without providing overtime compensation. Plaintiff seeks overtime compensation, liquidated damages, interest, attorneys' fees and costs under the Fair Labor Standards Act.

(b) **Defendant Supershuttle's Theory:** Defendant Supershuttle asserts that Plaintiff has failed to name correctly the entity that formerly did business in Tennessee and upon which service of process is insufficient. Defendant reserves all objections and defenses thereto including lack of personal jurisdiction and insufficiency of service of process.

Defendant Supershuttle states that the entity that formerly did business in Tennessee never employed Plaintiff and has no obligations to Plaintiff for overtime, other wages or any other damages under the Fair Labor Standards Act ("FLSA"). Defendant Supershuttle states that during the time period that it formerly was doing business in Tennessee as Supershuttle, it contracted for services with Defendant Robert Espinera on an independent contractor basis. Supershuttle understands, upon information and belief, that Defendant Robert Espinera, in turn, retained the services of Plaintiff on an independent contractor basis. Defendant Supershuttle denies that Plaintiff is entitled to any of the relief requested as against Supershuttle and further states that it acted at all times in good faith and had reasonable grounds for believing that its acts and/or omissions did not violate the FLSA.

(c) **Defendant Robert Espinera's Theory: It is the position of defendant Espinera,**

**as he articulated on December 1, 2010, that the plaintiff was an independent contractor and the provisions of the FLSA do not apply.**

3. **ISSUES RESOLVED:** Subject matter jurisdiction and venue.

4. **ISSUES STILL IN DISPUTE:**

    (a) Whether this Court has personal jurisdiction over Defendant Supershuttle.

    (b) Whether service of process as to Defendant Supershuttle was insufficient.

    (c) Whether Defendants had any liability to Plaintiff under the Fair Labor Standards Act.

    (d) Whether either Defendant has any liability to Plaintiff under the Fair Standards Act, and, if so, the damages to which Plaintiff may be entitled.

5. **INITIAL DISCLOSURES:** Plaintiff and Defendant Supershuttle will exchange by **December 15, 2010** the information required by Federal Rule of Civil Procedure 26(a)(1).

6. **DISCOVERY PLAN:** Plaintiff and Defendant Supershuttle jointly propose to the Court the following discovery plan:

    (a) **Completion of Discovery:** The parties will complete all discovery on or before **June 30, 2011**. Written discovery, including document requests, interrogatories and requests for admission, are to be served sufficiently in advance of the discovery cutoff in order to allow time for responses and resolution of any discovery disputes prior to the expiration of the discovery deadline. Any discovery related motions will be due on or before **July15, 2011**.

    (b) **Electronic Discovery:** There will be minimal, if any, discovery of electronically stored information. Therefore, the parties are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

    (c) **Expert Witness Disclosures (Rule 26):** Plaintiff's Rule 26(a)(2) expert witness disclosures and reports shall be served by **April 4, 2011**. Defendants' Rule

26(a)(2) expert witness disclosures and reports shall be served by **May 9, 2011.**

    **(d)**     **Expert Witness Depositions:** Plaintiff and Defendants will depose all expert witnesses on or before **June 30, 2011.**

7.     **MOTIONS:**

    **(a)**     **Motions to Dismiss:** The deadline for filing any motions to dismiss will be **December 30, 2010.**

    **(b)**     **Motions for Joinder of Parties and to Amend the Pleadings:** The deadlines for filing motions for joinder of parties and motions to amend the pleadings will be **February 1, 2011** for Plaintiff and **March 1, 2011** for Defendants.

    **(c)**     **Dispositive Motions:** The deadline for filing dispositive motions is **September 6, 2011**. Responses will be due within thirty (30) days after filing of the motion. Replies, if any, will be due fourteen (14) days after filing the response.

8.     **OTHER ITEMS:**

    **(a)**     **Mediation.** Plaintiff and Defendant Supershuttle have made no decisions regarding mediation.

    **(b)**     **Subsequent Case Management Conferences.** A follow-up case management conference should be scheduled by the parties with Magistrate Griffin's office approximately one month before the close of discovery.

9.     **TARGETED TRIAL DATE:** Plaintiff and Defendant Supershuttle anticipate that this action should be ready for trial by **February 1, 2012**. The parties anticipate that the trial will last 2-3 days.

                                                       _____
                                                       MAGISTRATE JUDGE GRIFFIN

Submitted for Entry:

**GILBERT RUSSELL McWHERTER PLC**

s/Clinton H. Scott
CLINTON H. SCOTT (23008)
MICHAEL L. RUSSELL (20268)
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
cscott@gilbertfirm.com
mrussell@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFFS*

**BRADLEY ARANT BOULT CUMMINGS LLP**

s/Patricia Head Moskal
Patricia Head Moskal (BPR # 11621)
Joycelyn A. Stevenson (BPR # 21710)
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
(615) 252-2335
pmoskal@babc.com
jstevenson@babc.com

*Attorneys for Defendant Supershuttle*