IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GAIL MICHAEL )
) No. 3-10-0805
v. )
)
SUPERSHUTTLE; and ROBERT )
ESPINERA )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed case management order, with modifications addressed at the initial case management conference held on December 1, 2010.[1] Those modifications and other matters addressed on December 1, 2010, are as follows:

1. As a result of the plaintiff's amended complaint (Docket Entry No. 13), the Clerk is directed to terminate SuperShuttle as a defendant in this case and to substitute in lieu thereof SuperShuttle Tennessee, Inc.

2. Defendant SuperShuttle Tennessee, Inc. ("SuperShuttle") shall have until December 10, 2010, to file an answer to the amended complaint.

3. Defendant Espinera shall have until December 21, 2010, to file an answer to the amended complaint.

4. Defendant Espinera shall not be required to serve initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

5. Counsel for defendant SuperShuttle represented that settlement was not likely, at least at this stage in the proceedings.

6. All discovery motions shall be filed by July 15, 2011.

7. The contemporaneously entered order provides that the plaintiff shall have until April 4, 2011, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil

---

[1] Counsel for the plaintiff and defendant SuperShuttle participated in the initial case management conference, along with defendant Robert Espinera, who appeared without counsel. Defendant Espinera represented that, although he would like to have an attorney, he is unemployed and does not have the financial resources to retain a lawyer.

Procedure, and that defendant SuperShuttle shall have until May 9, 2011, to serve Rule 26(a)(2) expert disclosures.[2]

8. Defendant Espinera shall also have until May 9, 2011, to serve any expert disclosures.

9. With the agreement of the parties, no other expert disclosures shall be made except as provided in ¶ 7-8 above.

10. As provided in the contemporaneously entered order, defendant SuperShuttle shall have until December 30, 2010, to file a motion to dismiss. Any response shall be filed within 20 days of the filing of the motion or by January 19, 2011, if the motion is filed on December 30, 2010. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by February 2, 2011, if the response is filed on January 19, 2011.

No other filings in support of or in opposition to any motion to dismiss shall be made except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

11. As provided in the contemporaneously entered order, the deadline for filing any dispositive motion is September 6, 2011.[3] Any response shall be filed within 30 days of the filing of the motion or by October 6, 2011, if the motion is filed on September 6, 2011. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by October 20, 2011, if the response is filed on October 6, 2011.

No other filings in support of or in opposition to any dispositive motion shall be made except with Chief Judge Campbell's express permission.

No party shall file more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment.

---

[2] Counsel for the plaintiff and defendant SuperShuttle advised that it was very unlikely that they would use experts.

[3] This deadline contemplates any motion for summary judgment and does not apply to a motion to dismiss, which is addressed in ¶ 10.

There shall be no stay of discovery before the June 30, 2011, deadline for completion of fact and expert discovery even if a dispositive motion is filed prior thereto.

12. A further case management conference is scheduled on **Wednesday, May 18, 2011, at 11:00 p.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, to address the status of the case, any discovery or scheduling issues, the potential for settlement, propriety of ADR, and any other appropriate matters.

Based on the scheduling set forth above, it is recommended that a jury trial be scheduled no earlier than January 24, 2012. The parties anticipate that the trial will last 2-3 days.

The Clerk is directed to mail a copy of this order to defendant Espinera at 342 Toby Trail, Mt Juliet, TN. 37122, by regular, first class mail and by certified mail.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge